J. Robert ARBUTHNOT, Individually and on behalf of all others similarly situated, the City of Providence, Individually and on behalf of all others similarly situated, Plaintiff–Appellee,

·v.

Donald Robert PIERSON, II, Objector–Appellant,

Aeropostale, Inc., Thomas P. Johnson, Marc D. Miller, Defendants.

No. 14–2135.

United States Court of Appeals, Second Circuit.

June 10, 2015.

Joseph Darrell Palmer, Law Offices of Darrell Palmer PC, Carlsbad, CA, for Appellant.

Jonathan Gardner, Nicole Zeiss, Carol Villegas, Labaton Sucharow LLP, New York, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL and SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

Objector–Appellant Donald Robert Pierson, II, ("Pierson") appeals from an order of the United States District Court for the Southern District of New York, rejecting Pierson's objections and granting Plaintiff–Appellee City of Providence's ("Providence") motions for final approval of the class action settlement, plan of allocation, and attorneys' fees and expenses. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Pierson contends that the District Court erred in approving the class action settlement because class members were not provided adequate notice and erred in approving the requested attorneys' fees award because the notice there was also inadequate and the award was excessive and premised on insufficient facts. We review a district court's decision regarding the form and content of notices sent to class members, as well as the fee award itself, for abuse of discretion. *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir.2007); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47–48 (2d Cir. 2000).

The adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113–14 (2d Cir.2005). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the

proceedings.' " *Id.* at 114 (quoting *Weinberger v. Kendrick,* 698 F.2d 61, 70 (2d Cir.1982)). Here, the District Court did not abuse its discretion in finding the settlement notice program carried out by Providence to be adequate both for the settlement approval and for the attorneys' fees.

As to Pierson's challenges to the District Court's approval of the attorneys' fees request, we have recognized that:

> "[A]buse of discretion"—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions. The district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record.

*Goldberger,* 209 F.3d at 47–48 (alterations, quotation marks, and citations omitted). Thus, the question on appeal "is not whether we would have awarded a different fee, but rather whether the district court abused its discretion in awarding this fee." *In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 134 (2d Cir.2008) (per curiam). Here, the District Court carefully weighed the *Goldberger* factors and did not abuse its discretion in finding the attorneys' fees award acceptable.

We have considered all of Pierson's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED.**